AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>JOSE SALAS<br><br>*Defendant(s)* | ) ) ) ) ) ) ) Case No. **4-14-70976** |

FILED
2014 JUL 11 P 3: 12
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **November 7, 2013** in the county of **Alameda** in the **Northern** District of **California**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sec. 922(g)(1) | Felon in possession of a firearm and ammunition |

This criminal complaint is based on these facts:

Please see attached affidavit of ATF Special Agent Russell Withrow

☑ Continued on the attached sheet.

_____
Complainant's signature

Russell Withrow, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: July 11, 2014

_____
Judge's signature

City and state: Oakland, California

DONNA M. RYU, U.S. Magistrate Judge
Printed name and title

# AFFIDAVIT

I, Russell Withrow, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, being duly sworn, hereby depose and state:

## I. INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), and have been so employed since April 2013. I have recently completed the Special Agent Basic Training Program conducted at the Federal law Enforcement Training Center in February 2014. Prior to joining ATF, I was employed for 5 years as a municipal Police Officer in Milton, Massachusetts, as well as for 7 years as a Military Police Officer in the United States Army Reserve. During that time, I have been trained in and investigated, among other things, violations of the federal firearms and narcotics laws, as well as crimes of violence and gang-related crimes. I have participated in the execution of a criminal arrest and have received training in, among other things, criminal procedure, search and seizure, firearms and narcotics investigations, and the identification and investigation of organized gangs. I am an investigator or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

2. I respectfully submit this affidavit in support of a criminal complaint charging Jose M. SALAS with violating Title 18, United States Code, Section 922(g)(1): possession of a firearm by a convicted felon.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for the arrest of SALAS, I have not included each and every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support the lawful arrest of an individual listed in this Affidavit.

4. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part only. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part only.

## II.     PROBABLE CAUSE

5.     I learned the following from other law enforcement officers and from reviewing law enforcement reports:

a.     On November 6, 2013, ATF Confidential Informant (CI)[1] informed ATF Special Agents (SA) that he/she had met Jose Manuel SALAS earlier that day. The CI stated he/she had observed SALAS driving a green, early model Ford Thunderbird down a street in Hayward. After a brief discussion, the CI learned that SALAS was looking to sell two firearms, a brand new .22 caliber Ruger rifle and a .410 caliber shotgun. The CI indicated that SALAS was willing to sell the firearms for approximately seven hundred dollars ($700). The CI further stated SALAS boasted of manufacturing and distributing methamphetamine. The CI stated SALAS brought him to a residence located on Murray Drive in Hayward, where SALAS stated he manufactured methamphetamine. The CI also learned that SALAS lived in another house that was located several houses away on Murray Drive. At the request of SAs, the CI arranged the purchase of both firearms for the following day by an ATF undercover agent (UC).

b.     On November 7, 2013, at approximately 1515 hours, agents and officers established surveillance on and around 348 Murray Drive. Almost immediately, SALAS was observed moving the green Ford Thunderbird from the driveway area to the curb in front of the residence. Agents later identified the green Ford Thunderbird's California license plate as 5VGS679 and observed a white Dodge Challenger parked in front of 348 Murray Drive bearing California license plate as 6VAB683. The vehicles were later identified as:

- 1993 Ford Thunderbird, California license plate 5VGS679; Faasisila, Lesieli N., 1088 Azalea Court, Hayward, CA 94541
- 2012 Dodge Challenger, California license plate 6VAB683; Faasisila, Lesieli N. or Faasisila Chris D., 1088 Azalea Court, Hayward, CA 94541

c.     While surveillance was being established, ATF Agents and UC met with the CI at a pre-determined location. The CI was searched for firearms and/or contraband with negative results. In the presence of agents, the CI contacted SALAS via cell phone to arrange a

---

[1] The CI has been providing information to ATF since November 2011. The information provided to ATF has, to date, been found to be credible and much of it has been corroborated. The CI's motivation for providing information is based solely on financial consideration.

meet. SALAS expressed concern about selling firearms to a person he had just met. The CI assured him that neither he nor his "cousin" (who was played by UC) worked with law enforcement. SALAS then informed the CI that he/she could obtain the firearms from inside his green Ford Thunderbird that was parked on the street outside of 348 Murray Drive. SALAS further informed the CI that he/she should leave the money inside the Ford Thunderbird to complete the transaction. At approximately 1516 hours, SALAS was observed exiting 348 Murray Drive and entering the green Ford Thunderbird. SALAS then moved the green Ford Thunderbird across the street, exited the vehicle and entered 348 Murray Drive.

   d. At approximately 1520 hours, a Hispanic or Samoan male adult, wearing white t-shirt and blue jeans (later identified as Chris Dillingham Faasisila), was observed exiting 348 Murray Drive and entering the white Dodge Challenger. This individual then moved the white Dodge Challenger across the street, parking in close proximity to the green Ford Thunderbird. He then walked into 348 Murray Drive.

   e. At approximately 1527 hours, SALAS was observed exiting 348 Murray Drive and retrieving a large black bag from inside the green Ford Thunderbird. SALAS then took the black bag into 348 Murray Drive.

   f. After a short time, SALAS exited 348 Murray Drive carrying a large black bag. SALAS then walked to the green Ford Thunderbird and placed the large black bag into the passenger side or trunk of the vehicle. Subsequently, the vehicle in which the CI and UC rode turned onto Murray Drive and parked across the street from the residence. UC and the CI then exited their vehicle and walked towards the green Ford Thunderbird. Shortly thereafter, FAASISILA exited 348 Murray Drive and walked to the trunk of the white Dodge Challenger, and appeared to be watching the UC's vehicle.

   g. Agents and officers observed the CI retrieve a large black bag from the green Ford Thunderbird. The CI then returned to the UC's vehicle where he/she placed the large black bag into the trunk. UC then walked back to the green Ford Thunderbird, opened the driver door, and briefly leaned into the vehicle. Around this time, agents and officers observed Faasisila, who stood by the trunk of the white Dodge Challenger for the duration of the UC-CI exchange, walk into 348 Murray Drive.

   h. Subsequently, the UC and the CI drove away from the area. At approximately 1617 hours, agents and officers observed SALAS exit 348 Murray Drive and

approach the green Ford Thunderbird. SALAS then moved the green Ford Thunderbird across the street to the curb near the front of the residence and went into the trunk of the vehicle. SALAS appeared to be looking into and under the trunk of the vehicle. SALAS then entered 348 Murray Drive.

   i. At the conclusion of the operation, agents recovered a New England Firearms, model Pardner, .410 caliber shotgun, S/N: NL301970 and Ruger, model 10/22, .22 rifle, S/N: 353-61168 from inside a black "Everest" nylon bag located in the trunk of the UC's vehicle. SAs searched the CI for additional contraband and firearms with negative results.

   j. An ATF fingerprint specialist later identified a latent fingerprint on the New England Firearms, model Pardner, .410 caliber shotgun. This fingerprint specialist compared that fingerprint to a fingerprint obtained from Jose SALAS during a 2009 arrest. The fingerprint found on the .410 caliber shotgun was identified as being from the right thumb of Jose SALAS.

### III. CRIMINAL HISTORY

  6. I checked the criminal history of SALAS and learned that he has been convicted of multiple crimes punishable by more than one year of imprisonment, including, most recently, felony convictions for First Degree Burglary, in violation of California Penal Code Section 459 on March 16, 2009 in San Mateo, CA, and Possession of Controlled Substance for Sale, in violation of California Penal Code Section 11378 on July 8, 2009 in Oakland, CA.

### IV. INTERSTATE NEXUS

  7. On or about June 6, 2014, I contacted ATF Special Agent Daniel Garza who has received specialized training in determining the identity and origin of firearms and ammunition and has successfully completed ATF's Interstate Nexus Training. Special Agent Daniel Garza advised that the firearms purchased from SALAS --- a New England Firearms, model Pardner, .410 caliber shotgun and Ruger, model 10/22, .22 rifle --- were not manufactured in the State of California.

# V. CONCLUSION

8. For the foregoing reasons, I respectfully submit that there is probable cause to believe that Jose M. SALAS has violated Title 18, United States Code, Section 922(g)(1), possession of a firearm by a convicted felon. Accordingly, I respectfully request that a warrant for the arrest of SALAS be issued.

_____
RUSSELL WITHROW
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Sworn to and subscribed before me this 11th day of July.

_____
HON. DONNA M. RYU
UNITED STATES MAGISTRATE JUDGE

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☑ COMPLAINT  ☐ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

---- OFFENSE CHARGED ----

18 USC 922(g)(1)(A) (felon in possession of a firearm)

☐ Petty
☐ Minor
☐ Misdemeanor
☑ Felony

PENALTY:
Max. imprisonment: 10 years; Max. supervised release: 3 years;
Max. fine: $250k or 2x gain/loss; Special assessment: $100

Name of District Court, and/or Judge/Magistrate Location
**NORTHERN DISTRICT OF CALIFORNIA**

---- DEFENDANT - U.S. ----

▶ JOSE SALAS

DISTRICT COURT NUMBER

**4-14-70976**

FILED
JUL 11 2014
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---- PROCEEDING ----

Name of Complaintant Agency, or Person (&Title, if any)
Russell Withrow, Special Agent, ATF

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

☑ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   } SHOW DOCKET NO.
☐ U.S. Att'y ☐ Defense

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶
} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on  Melinda Haag
THIS FORM
☑ U.S. Att'y  ☐ Other U.S. Agency

Name of Asst. U.S. Att'y
(if assigned)  W.S. Wilson Leung

---- DEFENDANT ----

**IS NOT IN CUSTODY**
1) ☑ Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction
6) ☐ Awaiting trial on other charges  } ☐ Fed'l ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No  } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____

Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☑ WARRANT   Bail Amount: No bail

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Defendant Address:

Date/Time: _____

Before Judge: _____

Comments: